[Cite as *Lamp v. Linton*, 2011-Ohio-6111.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| DON LAMP | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-06 |
| WILLIAM LINTON | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil appeal from the Cambridge Municipal Court, Case No. 10CV100216

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      November 21, 2011

APPEARANCES:

For Plaintiff-Appellee

DON LAMP PRO SE
7709 Martinsburg Road
Saint Louisville, OH 43071

For Defendant-Appellant

WILLIAM LINTON PRO SE
2109 North Avenue
Cambridge, OH 43725

*Gwin, P.J.*

{1}     Appellant, William Linton appeals the February 24, 2011 judgment entry of the Cambridge Municipal Court overruling his objections to the December 9, 2010 decision of the magistrate.[1]

STATEMENT OF THE FACTS AND CASE

{2}     This is a claim for misrepresentation involved in the sale of a used 1998 Dodge Dakota pick-up truck that had been advertised for sale on the internet.

{3}     Appellant offered for sale a 1998 Dodge Dakota pick-up truck. The advertisement read "Engine and transmission is out of a 1997 that was rolled…" Mr. Lamp purchased the vehicle which was not operable. Upon further inspection the transmission was discovered to be from a 1991 model which is not compatible with a 1998 model Dakota pick-up truck. Mr. Lamp purchased a compatible transmission for $560.44.

{4}     On October 27, 2010 Don Lamp filed a complaint with the Cambridge Municipal Court, Small Claims Division. The case was heard before a magistrate on December 2, 2010. After the presentation of evidence, judgment was awarded to Mr. Lamp against appellant in the amount of $560.44 with interest at 4% from the date of judgment, plus court costs.

{5}     Appellant requested Findings of Facts and Conclusions of Law, which the magistrate filed on December 9, 2010. On December 13, 2010 appellant filed a motion

---

[1] Appellee did not file a brief in this matter.

to "Set Aside the Magistrate Order."[2] On December 27, 2010 appellant filed his "Objection to the Magistrate Decision" pursuant to Civ. R. 53 (D)(3)(b)(iii).

{6}     By Journal Entry filed January 5, 2011, the trial court stated that appellant's motion to set aside filed December 13, 2010 "should have been titled as an objection, which the [appellant] has seen and corrected." The trial court further granted the plaintiff, Don Lamp, fourteen days to respond to the objections.

{7}     On January 11, 2011 appellant filed a "Motion for Extension of Time to have Prepared and File Transcripts of the Record." On that day, appellant also filed a document titled, "Affidavit Pursuant to Ohio Civil Rules of Procedure 53(D)(3)(b)(iii)." On January 12, 2011 appellant filed a "Motion for Leave to Amend Affidavit filed January 11, 2011."

{8}     On January 12, 2011, Mr. Lamp filed a written response to appellant's objections to the magistrate's decision. By Journal Entry filed February 24, 2011 the trial court noted that it, "very carefully reviewed the entire file, including the original judgment entry, the findings of fact and conclusions of law, the items admitted into evidence and all filings from both sides on Defendant's objection." The trial court found that "[c]learly the magistrate's decision was based on the conclusion that the [appellant] failed to provide to the Plaintiff that which the [appellant] had represented." The trial court therefore upheld the decision of the magistrate finding "judgment in favor of the plaintiff

---

[2] Civ. R. 53(D)(2) provides, in relevant part as follows,
"(b) *Motion to set aside magistrate's order.* Any party may file a motion with the court to set aside a magistrate's order. The motion shall state the moving party's reasons with particularity and shall be filed not later than ten days after the magistrate's order is filed. The pendency of a motion to set aside does not stay the effectiveness of the magistrate's order, though the magistrate or the court may by order stay the effectiveness of a magistrate's order."

and against the [appellant] in the amount of $560.44, with interest at 4% per annum and costs…."

{9}     It is from the February 24, 2011 Journal Entry that appellant has timely appealed, raising the following six Assignments of Error:

{10}     "I. THE MAGISTRATE ERRORS AS A MATTER OF LAW BY ADOPTION OF THE PLAINITFF'S [SIC.] INTERPRETATION OF THE AD AND IN EFFECT CREATED A NEW CONTRACT BY ADDING A COMPATIBILITY CONDITION PRESIDENT [SIC] NOT EXPRESSED IN THE CLEAR LANGUAGE EMPLOYED BY THE DEFENDANT THE MUNICIPAL COURT ERRORS BY ADOPTING THIS ERROR IN JUDGMENT.

{11}     "II. A MAGISTRATE COMMITS ABUSE OF DISCRETION AND REVERSIBLE PLAN ERROR BY ALLOWING HIMSELF TO BE HOODWINKED INTO ACCEPTING A PLAINTIFF'S INTERPRETATION OF A DEFENDANT'S AD INSTEAD OF APPLYING THE ORDINARY AND COMMON MEANING OF WORDS AND THEN FINDING: DEFENDANT FAILED TO PROVIDE TO PLAINTIFF THAT WHICH WAS REPRESENTED. NAMELY A 1997 TRANSMISSION WHICH DEFENDANT NEVER ATTEMPTED TO REPRESENT OR INTENDED TO BE SO CONSTRUED. THE MUNICIPAL COURT ERRORS BY ADOPTING THIS ERROR IN JUDGMENT.

{12}     "III. LACKING SUBJECT MATTER JURISDICTION, THE SMALL CLAIMS COURT CAN NOT FASHION A REMIDY [SIC.] THAT IS EQUITABLE RELIEF TO ALL PARTIES AND COMMITS PLAIN ERROR IN THE INSTANT CAUSE OF ACTION; FURTHER BY NOT RETURNING THE PERFECTLY GOOD TRANSMISSION, AND FAILURE TO CALCULATE AND THEN OFFSET THE DEFERENCE IN COST OF A

1998 VERSE WHAT WAS ACTUALLY SUED FOR A 1997, THE SMALL CLAIMS COURT UNJUSTLY ENRICHES THE PLAINTIFF.  AND IT IS ERROR FOR THE MUNICIPAL COURT JUDGE TO ADOPT SUCH ERRORS IN JUDGMENT.

{13}  "IV. IT IS ABUSE OF DISCRETION WHERE THE MUNICIPAL COURT JUDGE AFTER BEING DULY NOTICED THAT CONFUSION HAS RESULTED FROM HIS RULING, WHERE THE RULING POSSIBLY BECOMES THE HINGE PIN WHICH INADVERTENTLY, OR NOT, SHORTENS THE TRIGGERING OF THE TIME COMPUTATION FOR FILING TRANSCRIPTS OF THE RECORD BY 14 DAYS LEAVING NO TIME REMAINING TO CAUSE TRANSCRIPTS TO BE TIMELY FILED; NEVERTHELESS, FAILS TO CLAIRFY [SIC.] THE RULING.

{14}  "V. MUNICIPAL COURT JUDGE COMMITS ABUSE OF DISCRETION TO THE PREJUDICE OF DEFENDANT AND PLAIN ERROR WHERE JUDGE FAILS TO RULE ON A TIMELY FILED MOTION FOR EXTENSION OF TIME TO HAVE PREPARED AND FILE TRANSCRIPTS OF THE RECORD, WHERE THE COURT CREATED THE NEED TO FILE THE MOTION IN THE FIRST INSTANT.

{15}  "VI. CAN NOT MEET BURDEN OF SHOWING ERRORS IN THE RECORD WHEN ABUSE OF DISCRETION OF THE MAGISTRATE JUDGE TO NOT LABEL, OR MARK AS EXHIBITS OR ADMIT RELEVANT EVIDENCE INTO THE RECORD, AND ADOPTS A MIND SET THAT THERE COULD BE NO DEFENSE WORTHY OF VIEWING EXCEPT A SHOWING THAT IT WAS A 1997 TRANSMISSION.  THE MUNICIPAL COURT ERRORS BY ADOPTING THIS JUDGMENT."

## IV & V

{16} For clarity and because a resolution of these issues will affect the appellant's remaining Assignments of Error we shall address appellant's Fourth and Fifth Assignments of Error first.

{17} In his Fourth Assignment of Error appellant argues the trial court shortened the time in which he had to file a transcript of the December 2, 2010 hearing before the magistrate in support of his objections to the magistrate's decision. In his Fifth Assignment of Error appellant maintains that the trial court erred by not ruling on his motion to extend the time for filing said transcript. We disagree.

{18} Ohio Civil Rule 53 states, in pertinent part:

{19} "(D)(3)(b) *Objections to magistrate's decision.*

{20} " * * *

{21} "*(iii) Objection to magistrate's factual finding; transcript or affidavit.* An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections."

**{22}** "(D)(4) *Action of court on magistrate's decision and on any objections to magistrate's decision; entry of judgment or interim order by court.*

**{23}** " * * *

**{24}** "(d) *Action on objections.* If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate."

**{25}** Here, the magistrate's findings of facts and conclusions of law was filed on December 9, 2010. Pursuant to Civ.R. 53(E)(3)(a), an objecting party must file his objections to the magistrate's decision within fourteen days. Appellant complied with the dictates of Civ.R. 53(E)(3)(a) and filed his objections, without a transcript, on December 23, 2010. By entry filed January 5, 2011, the trial court granted Mr. Lamp fourteen days to respond to appellant's objections. On January 11, 2011 appellant filed a request for an extension to file the transcript. Appellant did not tell the trial court in his request whether he had requested a transcript from the official court reporter, nor did appellant indicate to the trial court on what date he expected the transcript to be ready for filing. The trial court did not rule on appellant's motion and, on February 24, 2011, the trial court filed its judgment entry adopting the magistrate's decision.

**{26}** We must note that a trial court's failure to rule on a motion creates a presumption that the trial court overruled the motion. *Brown v. Brown,* 11th Dist.

No.2001-L-051, 2002-Ohio-4364, at ¶ 33. That said, appellant's motion, when read functionally, is a request for an extension of time to file the transcripts. Civ.R. 6(B) allows a trial court to extend the period for filing a transcript of proceedings. See *Vance v. Rusu* (Aug. 1, 2001), 9th Dist. No. 20442. A court may grant or deny an extension of time under Civ.R. 6(B) in its sound discretion. Civ.R. 6(B).

{27} While a transcript does not need to be filed contemporaneously with objections to a magistrate's decision, appellant's objections and his subsequent request for an extension of time to file the transcript did not indicate a transcript was forthcoming. We note that the trial court did not rule on appellant's objections to the decision of the magistrate until forty-four days after appellant had filed his request for an extension to file the transcript. During that time period appellant filed an affidavit and an amended affidavit but made no mention of the transcript.

{28} Given the foregoing facts, we do not think the trial court abused its discretion when it impliedly overruled appellant's January 11, 2011 motion seeking an extension of time to file the transcript. Our holding on this issue is based upon the following considerations: (1) Civ.R. 53(E)(3)(c) requires a transcript or affidavit in support of objections; (2) appellant did not ask for a specific time nor indicate to the trial court that he had ordered a transcript and that one would be forthcoming; (3) the trial court did not rule until sixty-three (63) days had elapse from the date appellant had filed his objections to the decision of the magistrate. In consideration of the forgoing appellant had nearly twice the thirty-day time limit in which he could have either filed the transcript or requested leave of court to file the transcript. He did neither. To date no

transcript of the December 2, 2010 hearing was ever filed, or requested to be filed, with the trial court.

**{29}** Accordingly, we find that the trial court did not err in the manner in which it handled appellant's January 11, 2011 motion to extend time. We further find that the trial court provided appellant ample opportunity to file the transcript before ruling upon appellant's objections to the magistrate's decision.

**{30}** Appellant's Fourth and Fifth Assignments of Error are overruled.

I. & II.

**{31}** In his First and Second Assignments of Error appellant argues that the trial court erred by adopting appellee's interpretation of the advertisement appellant used to offer the truck for sale.

**{32}** When a party objecting to a magistrate's decision has failed to provide the trial court with the transcript by which the trial court could make a finding independent of the magistrate's decision, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the magistrate's decision and the appellate court is precluded from considering any transcript of the hearing submitted with the appellate record.[3] *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 654 N.E.2d 1254. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. We must look at the totality of the circumstances in the

---

[3] In the case at bar we note no transcript of the hearing before the magistrate has been filed in either the trial court or this court.

case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.

{33}    This Court has held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established. See *State v. Leite* (April 11, 2000), Tuscarawas App. No.1999AP090054; *Fogress v. McKee* (Aug. 11, 1999), Licking App. No. 99CA15; *Strunk v. Strunk* (Nov. 27, 1996), Muskingum App. No. CT96-0015. See, also, *Crawford v. Crawford,* Richland App. No. 10CA36, 2010– Ohio– 4239, ¶ 16 (holding that the rationale prohibiting appellate courts from considering assigned errors when portions of the transcript necessary for their resolution are omitted from the record also applies to a magistrate's decision where the objector fails to produce the entire transcript for the trial court; in either case, the reviewing court has nothing to pass upon and thus has no choice but to presume the validity of the lower court's or magistrate's proceedings.)

{34}    In the case at bar, however, appellant purported to file an affidavit of the evidence under Civ.R. 53(D)(3)(b)(iii).

{35}    An affidavit of the evidence can only be used where a transcript is unavailable. Where a transcript can be produced, it is available for purposes of the rule and must be submitted in support of the objections.[4] "'[T]he element of availability is not something which is discretionary with the appellant.' Rather, the record must demonstrate that a transcript is unavailable before a party may proceed with an affidavit of the evidence." *MacConnell v. Nellis,* Montgomery App. No. 19924, 2004-Ohio-170 at

---

[4] In the case at bar, appellant did not file an affidavit of indigency asserting that he was unable to afford the cost of the transcript. See e.g., *State ex rel. Motley v. Capers* (1986), 23 Ohio St.3d 56, 491 N.E.2d 311.

¶ 15, quoting *Dintino v. Dintino* (Dec. 31, 1997), Trumbull App. No. 97-T-0047 at *2. In the case at bar, appellant has not demonstrated that the transcript of the December 2, 2010 hearing before the magistrate was unavailable for the trial court to review in conjunction with his objections to the magistrate's report. Appellant simply failed to file the transcript.

{36}    In addition, we find appellant's affidavit of the evidence to be insufficient. An affidavit under Civ.R. 53(D)(3)(b)(iii) must contain a description of all the relevant evidence, not just the evidence deemed relevant by the party objecting to the magistrate's findings. *Gill v. Grafton Corr. Inst.,* 10th Dist. No. 09AP–1019*,* 2010–Ohio– 2977 at ¶ 23 (Sadler, J., dissenting), quoting *Levine v. Brown*, 8th Dist. No. 92862, 2009–Ohio–5012, ¶ 18 (internal citations omitted); *State Farm Mut. Ins. Co. v. Fox*, Montgomery App. No. 22725, 2009-Ohio-1965 at ¶17. In the case at bar, the statement of evidence appellant provided pursuant to Civ.R. 53(D)(3)(b)(iii) was not so much in the nature of a statement of all the evidence but, rather, in the nature of a closing argument, as it was made up almost entirely of conclusory and argumentative statements rather than a statement of what evidence was presented by the parties in the trial court. See, *Bowker v. Bowker*, Delaware App. No. 10CAF110085, 2011-Ohio-4524 at ¶ 32; *Gumins v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 10AP 941, 2011-Ohio-3314 at ¶13.

{37}    Given that there was not a valid statement of the evidence or a transcript before the trial court when ruling on appellant's objections, we do not have anything by way of evidence by which to challenge the findings of the magistrate. We must therefore find the magistrate's findings of fact to be established. This Court has held, "where an appellant fails to provide a transcript of the original hearing before the magistrate for the

trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal." *Doane v. Doane* (May 2, 2001), Guernsey App. No. 00CA21; *State v. Leite* (April 11, 2000), Tuscarawas App. No.1999AP090054; *Fogress v. McKee* (Aug. 11, 1999), Licking App. No. 99CA15; and *Strunk v. Strunk* (Nov. 27, 1996), Muskingum App. No. CT96-0015.

**{38}** Accordingly, appellant's First and Second Assignments of Error are overruled.

III.

**{39}** In his Third Assignment of Error, appellant argues in essence, that the small claims division of a municipal court cannot grant equitable relief. Further, appellant argues that because the trial court did not order appellee to return the original transmission appellee has been unjustly enriched. We disagree.

**{40}** There is no transcript of proceedings in this case. The only "facts" in the record before us are those found in the magistrate's Findings of Facts and Conclusions of Law. Those recommendations do not mention a rescission of the contract at all. While the magistrate does discuss damages, the factual finding made states that appellee was damaged in the amount of $560.44. The magistrate found that the appellee suffered a pecuniary loss in the value of the truck because of his reliance on appellant's misstatements. *Morris v. Keller* (March 24, 1993), Summit App. No. C.A. 15837; *Anna v. Nickles* (April 5, 1989), Wayne App. No. 2411. Accordingly, the trial court did not err in entering judgment in appellee's favor.

**{41}** No mention was made concerning the original transmission. In the face of a silent record, we must presume the regularity of the lower court's findings. See, *State*

*v. Leite* (April 11, 2000), Tuscarawas App. No.1999AP090054; *Fogress v. McKee* (Aug. 11, 1999), Licking App. No. 99CA15; *Strunk v. Strunk* (Nov. 27, 1996), Muskingum App. No. CT96-0015. See, also, *Crawford v. Crawford,* Richland App. No. 10CA36, 2010–Ohio– 4239 at ¶ 16.

**{42}**    Accordingly, appellant's Third Assignment of Error is overruled.

VI.

**{43}**    In his Sixth Assignment of Error, appellant argues that the trial court abused its discretion adopting the magistrate's decision because of the magistrate's incorrect rulings on the admissibility of evidence. Further, appellant contends that the magistrate was biased against him.  We disagree.

**{44}**     Given that there was not a valid statement of the evidence or a transcript before the trial court when ruling on appellant's objections, we do not have anything by way of evidence by which to challenge the magistrate's decisions with respect to the admission or exclusion of evidence. We must therefore find the magistrate's rulings to be proper. This court has held, "where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal." *Doane v. Doane* (May 2, 2001), Guernsey App. No. 00CA21; *State v. Leite* (April 11, 2000), Tuscarawas App. No.1999AP090054; *Fogress v. McKee* (Aug. 11, 1999), Licking App. No. 99CA15; and *Strunk v. Strunk* (Nov. 27, 1996), Muskingum App. No. CT96-0015.

**{45}**    The removal of a magistrate is within the discretion of the judge who referred the matter, and should be sought by a motion filed with the trial court. *In Re:*

*Disqualification of Wilson* (1996), 77 Ohio St.3d 1250, 674 N.E.2d 360. In the instant case, appellant did not file a motion with the court to have the magistrate removed.

**{46}** Again, we do not have anything by way of evidence that indicates the magistrate was bias against appellant.

**{47}** Appellant's Sixth Assignment of Error is overruled.

**{48}** For the foregoing reasons, the judgment of the Cambridge Municipal Court, Guernsey County, Ohio is affirmed.

By: Gwin, P.J.,

Wise, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS

[Cite as *Lamp v. Linton*, 2011-Ohio-6111.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

DON LAMP                                  :
                                          :
              Plaintiff-Appellee          :
                                          :
                                          :
-vs-                                      :        JUDGMENT ENTRY
                                          :
WILLIAM LINTON                            :
                                          :
                                          :
              Defendant-Appellant         :        CASE NO. 2011-CA-06


       For the reasons stated in our accompanying Memorandum-Opinion, the

judgment of the Cambridge Municipal Court, Guernsey County, Ohio is affirmed. Costs

to appellant.


                                          _____
                                          HON. W. SCOTT GWIN


                                          _____
                                          HON. JOHN W. WISE


                                          _____
                                          HON. JULIE A. EDWARDS