[Cite as *Forge Fire & Co. v. Lincoln Center Mfg.*, 2026-Ohio-2265.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

| | |
|---|---|
| FORGE FIRE & COMPANY, LLC | Case No. 2026 CA 0009 |
| Plaintiff - Appellant | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Richland County Court of Common Pleas, Case No. 2025 CV 0163 |
| LINCOLN CENTER MANUFACTURING, LLC, ET AL., | Judgment: Affirmed |
| Defendants - Appellees | Date of Judgment Entry: June 15, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** Christopher R. Pettit, Alexander C. Groger, Dickie, McCamey & Chilcote, P.C., for Plaintiff-Appellant; Katherine C. Ferguson, Lindsay M. Nelson, Allen Stovall Neuman & Ashton, LLP, for Defendants-Appellees.

*Hoffman, J.*

{¶1}   Plaintiff-appellant Forge Fire & Company, LLC ("FF&Co.") appeals the January 6, 2026 Judgment Entry entered by the Richland County Court of Common Pleas, which overruled its objections to the magistrate's November 18, 2025 decision, and approved and adopted said decision as order of the court.  Defendants-appellees are Lincoln Center Manufacturing, LLC, et al.

STATEMENT OF THE FACTS AND CASE

{¶2} On March 14, 2025, FF&Co. filed a complaint in the Richland County Court of Common Pleas, naming Appellees Lincoln Center Manufacturing, LLC (individually, "Lincoln"), Marengo Fabricated Steel, Ltd. (individually, "Marengo"), Eric Howell, Rick Howell, Ryan Howell, Michelle Mounts, Joshua Mounts, and Robert C. Howell (collectively, "Appellees") as defendants. The complaint sought damages resulting from Marengo and Lincoln's alleged breach of a manufacturing agreement for the manufacture and shipment of fire training equipment ("the Agreement"). The complaint also sought damages from Appellees Eric Howell, Rick Howell, Ryan Howell, Michelle Mounts, Joshua Mounts, and Robert C. Howell for tortious interference with the Agreement. In addition, FF&Co. sought to pierce the corporate veil.

{¶3} On May 14, 2025, Appellees filed a motion to transfer venue to Morrow County, asserting the facts underlying FF&Co.'s claims did not occur in Richland County. Appellees also requested the trial court award costs, including attorney fees, incurred to secure the transfer of the matter to the proper venue. At 2:39 PM on May 28, 2025, the trial court issued an order granting Appellees' motion to transfer and awarding Appellee's attorney fees and costs. At 3:31 PM on the same day, FF&Co. filed a memorandum in opposition. FF&Co. filed a motion for relief from the trial court's order or, in the alternative, a motion for reconsideration on May 30, 2025. Via Judgment Entry filed June 3, 2025, the trial court vacated its May 28, 2025 order.

{¶4} Appellees filed a notice of lack of jurisdiction or, in the alternative, a memorandum contra FF&Co.'s motion for relief on June 11, 2025. FF&Co. filed a reply thereto on June 18, 2025. Appellees filed a reply in further support of their notice of lack of jurisdiction. Via Judgment Entry filed July 15, 2025, the trial court vacated its June 3,

2025 judgment entry vacating its May 28, 2025 order. The trial court found, once it entered the May 28, 2025, it no longer retained jurisdiction over the case. The trial court again ordered the matter transferred to the Morrow County Court of Common Pleas. The Richland County Clerk of Courts forwarded the record to the Morrow County Court of Common Pleas on July 16, 2025. Upon transfer of the matter to Morrow County, FF&Co. dismissed its complaint without prejudice. On July 24, 2025, FF&Co. filed the complaint in the Crawford County Court of Common Pleas.

{¶5} On July 23, 2025, Appellees filed a notice of reasonable attorney fees, seeking to recover attorney fees incurred in connection with securing the transfer of the matter from Richland County to Morrow County. On July 28, 2025, FF&Co. filed a motion for reconsideration and to vacate the trial court's May 28, 2025 Order awarding Appellees costs and attorney fees. Appellees filed a memorandum contra.

{¶6} The magistrate conducted a hearing on Appellees' motion for costs and attorney fees on September 30, 2025. The parties were granted until October 15, 2025, to submit written arguments and case law in support of their respective positions. The magistrate issued her decision on November 11, 2025. The magistrate concluded the trial court was correct in granting Appellees' May 14, 2025 motion for a change of venue. However, the magistrate determined the trial court erred in granting FF&Co.'s May 30, 2025 motion to reconsider, as the trial court lacked jurisdiction to review the issue once the change of venue was granted and also because FF&Co.'s argument lacked merit. The magistrate recommended the trial court find Morrow County was the proper venue and also find Richland County was an improper venue. The magistrate further recommended the trial court find FF&Co. acted deliberately and heedlessly in choosing Richland County

as an improper venue and Appellees were entitled to an award of attorney fees and costs as a result.

{¶7} On December 2, 2025, FF&Co. filed objections to the magistrate's decision. FF&Co. objected to the magistrate's conclusion Richland County was an improper venue. FF&Co. further objected to the magistrate awarding attorney fees and costs to Appellees and concluding FF&Co. acted deliberately and heedlessly in choosing Richland County as an improper venue. FF&Co. did not file a transcript of the magistrate's hearing, but submitted the affidavit of Todd Shepherd, which was originally attached to FF&Co.'s May 28, 2025 memorandum in opposition to Appellees' motion to transfer venue, as a substitute. On December 4, 2025, Appellees filed a response in opposition to FF&Co.'s objections. FF&Co. filed a reply on December 9, 2025.

{¶8} Via Judgment Entry filed January 6, 2026, the trial court overruled FF&Co.'s objections to the magistrate's decision. The trial court found venue was proper in Morrow County; Richland County was an improper forum under Civ.R. 3(D); FF&Co. acted deliberately and heedlessly in choosing Richland County as an improper venue; and Appellees were entitled to attorney fees.

{¶9} It is from this judgment entry FF&Co. appeals, raising as its sole assignment of error:

THE RICHLAND COUNTY COURT OF COMMON PLEAS COMMITTED REVERSIBLE ERROR BY ADOPTING MAGISTRATE JILL COCHRAN'S DECISION ON DEFENDANTS' REQUEST FOR ATTORNEY FEES RELATED TO THEIR MOTION TO TRANSFER VENUE FROM THE

RICHLAND COUNTY COURT OF COMMON PLEAS TO MORROW COUNTY COURT OF COMMON PLEAS ON JANUARY 6, 2026.

I

**{¶10}** In its sole assignment of error, FF&Co. asserts the trial court committed reversible error by adopting the magistrate's decision.

**{¶11}** Our review of the trial court's decision is limited because FF&Co. did not file a transcript of the magistrate's September 30, 2020 hearing with the trial court. Pursuant to Civ.R. 53(D)(3)(b)(iii), "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence *if a transcript is not available*." (Emphasis added.) Civ.R. 53(D)(3)(b)(iii). In the absence of a transcript or a properly filed affidavit of the evidence in support of a party's objections, a trial court is "required to accept the magistrate's findings of fact and examine only the legal conclusions based on those facts." (Citation omitted.) *Galewood v. Terry Lumber & Supply Co.*, 2002-Ohio-947, ¶ 10 (9th Dist.). Appellate court review in such instances is, likewise, limited to whether the trial court's application of the law to the factual findings was an abuse of discretion. (Citation omitted.) *Zukerman, Daiker & Lear Co., L.P.A. v. Signer*, 2009-Ohio-968, ¶ 22 (8th Dist.).

**{¶12}** "An affidavit of the evidence can only be used where a transcript is unavailable." *Lamp v. Linton*, 2011-Ohio-6111, ¶ 35 (5th Dist.). "Where a transcript can be produced, it is available for purposes of the rule and must be submitted in support of the objections." *Id.* "[T]he element of availability is not something which is discretionary with the appellant. Rather, the record must demonstrate that a transcript is unavailable

before a party may proceed with an affidavit of the evidence." (Citations and internal quotations omitted.) *Id*. FF&Co. has not demonstrated the transcript of the September 30, 2025 magistrate's hearing was unavailable for the trial court to review in conjunction with its objections to the magistrate's decision. FF&Co. simply failed to file the transcript.

**{¶13}** In addition, we find the affidavit of Thomas Shepherd, which FF&Co. filed in lieu of a transcript, to be insufficient. "An affidavit under Civ.R. 53(D)(3)(b)(iii) must contain a description of all the relevant evidence, not just the evidence deemed relevant by the party objecting to the magistrate's findings." (Citations omitted.) *Id*. at ¶ 36. Shepherd's affidavit was filed with the trial court well before the magistrate's hearing. The evidence taken at the hearing was presented under oath and subject to cross-examination. Shepherd's affidavit did not include a description of the relevant evidence presented at the magistrate's hearing.

**{¶14}** Reviewing the trial court's application of the law to the magistrate's factual findings, we find no abuse of discretion. We find the magistrate's legal conclusions are supported by the factual findings. "[W]here an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established." (Citations omitted.) *Moton v. Ford Motor Credit Co*., 2002-Ohio-2857, ¶ 11 (5th Dist.).

**{¶15}** Based upon the foregoing, FF&Co.'s sole assignment of error is overruled.

**{¶16}** The judgment of the Richland County Court of Common Pleas is affirmed.

**{¶17}** Costs to Appellant.


By: Hoffman, J.

King, P.J. and

Montgomery, J. concur.