THE STATE, EX REL. MOTLEY, APPELLEE, *v.* CAPERS, JUDGE, ET AL., APPELLANTS.

[Cite as State, ex rel. Motley, *v.* Capers (1986), 23 Ohio St. 3d 56.]

(No. 85-543—Decided April 9, 1986.)

*Jerome Silver,* for appellee.

*John D. Maddox,* director of law, *Marilyn G. Zack* and *Heather Graham-Oliver,* for appellants.

*Per Curiam.* The question of whether a transcript is unavailable within the meaning of App. R. 9(C) when an indigent appellant in a civil appeal can not afford to have one prepared is one of first impression before this court. All parties in civil actions have a statutory right to appeal an adverse lower court judgment. See R.C. 2505.03. In order to exercise that right, the appealing party must ensure that the trial court transcript is sent to the court of appeals for review. See, generally, App. R. 9. App. R. 9(C) governs situations where the transcript is unavailable and states:

"If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pur-

suant to Rule 10, who may serve objections or propose amendments thereto within ten days after service. Thereupon, the statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act thereon prior to the time for transmission of the record pursuant to Rule 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."

Although this court has never addressed the question raised herein, the Ninth Circuit Court of Appeals did so when interpreting Fed R. App. P. 10(c), which is similar to App. R. 9(C), in *Thomas v. Computax Corp.* (C.A. 9, 1980), 631 F. 2d 139. That court rejected the contention that a transcript was "unavailable" when the appellant was unable to bear its cost. In rejecting that broader interpretation of "unavailable," the *Thomas* court relied on the fact that Congress has enacted other provisions which allow indigent appellants to obtain a transcript for appeal. If this court were to define "unavailable" for App. R. 9(C) purposes as only "physically unobtainable" we would significantly limit the indigent appellant's right to appeal. Because of the above-described alternatives available to appellants in federal cases, the *Thomas* court's holding did not so limit the federal appellant's right to appeal.

The narrative statement provided for in App. R. 9(C) is an available, reliable alternative to an appellant unable to bear the cost of a transcript. Thus, in order to preserve an indigent appellant's right to appeal under Ohio law, we will not limit the use of App. R. 9(C) narrative statements to only those cases where a transcript is physically unavailable. Rather, we find that a transcript is unavailable for the purposes of App. R. 9(C) to an indigent appellant unable to bear the cost of providing a transcript.

Thus, we affirm the judgment of the court of appeals granting appellee's requested writ of mandamus and ordering Judge Capers to perform her ministerial duty in accordance with App. R. 9(C).

*Judgment affirmed.*

Celebrezze, C.J., Sweeney, Locher, Holmes, C. Brown, Douglas and Wright, JJ., concur.