[Cite as *Hassinger v. Hassinger*, 2011-Ohio-979.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| RYAN C. HASSINGER | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2011-COA-001 |
| TARA B. HASSINGER | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Civil appeal from the Ashland County Court
of Common Pleas, Case No. 10-MRD-076


JUDGMENT:        Dismissed


DATE OF JUDGMENT ENTRY:        March 2, 2011

APPEARANCES:

For Plaintiff-Appellant        For Defendant-Appellee

RYAN C. HASSINGER        TARA HASSINGER
503 West 10th Street        238B West Liberty St.
Ashland, OH  44805        Ashland, OH 44805

*Gwin, P.J.*

{¶1} Appellant Ryan C. Hassinger appeals the January 4, 2011 Judgment of the Ashland County Court of Common Pleas denying his request for a free transcript. Defendant-appellee Tara B. Hassinger did not file a response.

STATEMENT OF THE CASE[1]

{¶2} By Judgment entry filed December 30, 2010 the magistrate overruled appellant's second Motion to Modify Temporary orders. On January 3, 2011, appellant filed a Motion to Set Aside Magistrates Order and a Motion for Transcript. Appellant requested a free transcript of the proceedings before the magistrate on the basis of indigency. By Judgment Entry filed January 4, 2011, the trial court granted appellant's request for a transcript; however, the court order appellant to deposit the sum of $825.00 with the Court Reporter within fourteen days. Until the deposit has been made, the Court Reporter was not obligated to prepare the transcript.

{¶3} It is from the trial court's January 4, 2011 Judgment Entry that appellant has appealed, raising as his sole assignment of error,

{¶4} "I. THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANTS [SIC.] MOTION TO WAIVE COST FOR TRANSCRIPT BECAUSE FOUND [SIC.] CIV. R. 53 DID NOT CONTAIN ANY PROVISION WAIVING THE DEPOSIT FOR A TRANSCRIPT DUE TO INDIGENCY. [SIC.]

I.

{¶5} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

---

[1] A Statement of the Facts underlying Appellant's case is unnecessary to our disposition of this case; therefore, such shall not be included herein.

**{¶6}** "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11. 1. It shall be in sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

**{¶7}** One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App. 3d 158, 463 N.E.2d 655.

**{¶8}** Further, we note a reviewing court is not authorized to reverse a correct judgment merely because it was reached for the wrong reason. *State v. Lozier* (2004), 101 Ohio St. 3d 161, 166, 2004-Ohio-732 at ¶46, 803 N.E.2d 770, 775. [Citing *State ex rel. McGinty v. Cleveland City School Dist. Bd. of Edn.* (1998), 81 Ohio St.3d 283, 290, 690 N.E.2d 1273]; *Helvering v. Gowranus* (1937), 302 U.S. 238, 245, 58 S.Ct. 154, 158.

**{¶9}** This appeal shall be considered in accordance with the aforementioned rule.

**{¶10}** At the outset, this court must determine whether the trial court's decision is a final, appealable order that vests this court with jurisdiction. Although not an issue raised by either party, this court must address, sua sponte, whether there is a final appealable order ripe for review. *State ex rel. White vs. Cuyahoga Metro. Hous. Aut.*, 79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E.2d 72. Thus, we shall first consider whether this court has jurisdiction over appellant's appeal.

{¶11} Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts. Section 3(B)(2), Article IV, Ohio Constitution. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed. *General Acc. Ins. Co. vs. Insurance of North America* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266; *Harris v. Conrad* (June 17, 2002), 12th Dist. No. CA-2001-12 108. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ. R. 54(B). *Denham v. New Carlisle* (1999), 86 Ohio St.3d 594, 596, 716 N.E.2d 184; *Ferraro v. B.F. Goodrich Co.* (2002), 149 Ohio App.3d 301, 2002-Ohio-4398, 777 N.E.2d 282. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed.

{¶12} To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable. R.C. 2505.02(B) provides the following in pertinent part:

{¶13} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶14} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶15} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

{¶16} Civ.R. 54(B) provides:

{¶17} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may

enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.  In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

{¶18} "Under Civ. R. 53(E)(4), one of three scenarios occurs after a magistrate's decision: (1) absent objections, the court may adopt the decision if no errors of law or other defects appear on the face of the decision; (2) if objections are filed, the court considers the objections and may adopt, reject, or modify the decision, hear additional evidence, recommit the matter to the magistrate, or hear the matter; or (3) the court may immediately adopt the decision and enter judgment without waiting for objections, but the filing of timely objections automatically stays execution of the judgment until the court disposes of the objections and vacates, modifies or adheres to the judgment already entered. Under the third scenario, the trial court may also enter interim orders that are not subject to an automatic stay.  These interim orders are only effective for a brief period of time." *Crane v. Teague*, 2nd Dist. No. 20684, 2005-Ohio-5782 at ¶ 38. Therefore, a magistrate's decision is interlocutory.  Interlocutory orders are subject to change and may be reconsidered upon the court's own motion or that of a party.  See *Pitts v. Dept. of Transp.* (1981), 67 Ohio St.2d 378, 423 N.E.2d 1105, fn. 1. Furthermore, a magistrate's decision remains interlocutory, even if adopted by the court,

unless and until the court enters a final order that determines all the claims for relief in the action or determines that there is no just reason for delay. See Civ.R. 54(B). *Mahlerwein v. Mahlerwein* (2005), 160 Ohio App.3d 564, 572, 2005-Ohio-1835 at ¶ 20, 828 N.E.2d 153, 158-59.

**{¶19}** In the case sub judice, the ruling on the motion for a free transcript was obviously not intended to be a final disposition of the matter and, further, insufficiently contained notice of its finality to indicate to appellant that an immediate appeal would be required. Hence, appellant's notice of appeal was premature and was never made mature by the entry of a final judgment. *State v. Tripodo* (1977), 50 Ohio St.2d 124, 127, 363 N.E.2d 719, 721. As such, there is no final appealable order pursuant to R.C. 2505.02(B).

**{¶20}** In addition, Civ. R. 53 provides in relevant part,

**{¶21}** "*(iii) Objection to magistrate's factual finding; transcript or affidavit.* An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered."

**{¶22}** It is well settled that a transcript is unavailable for the purposes of App.R. 9(C) to an indigent appellant who is unable to bear the cost of providing a transcript. *State ex rel. Motley v. Capers* (1986), 23 Ohio St.3d 56, 58, 491 N.E.2d 311. See, also *Murphy v. Dept. of Rehabilitation and Correction* (Nov. 11, 1993), 10th Dist. No. 93AP-521; *McDermott v. State,* Stark App. No. 2004-CA-00178, 2004-Ohio-5560 at ¶25.

Accordingly, when a transcript is unaffordable an indigent civil party has other means to perfect his objections to the magistrate's decision and to this Court.

{¶23} Because there is no final appealable order, this court does not have jurisdiction to entertain appellant's appeal.

{¶24} For the foregoing reasons, the appeal of the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby dismissed.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

WSG:clw 0217

[Cite as *Hassinger v. Hassinger*, 2011-Ohio-979.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

RYAN C. HASSINGER                          :
                                           :
      Plaintiff-Appellant              :
                                           :
                                           :
-vs-                                       :          JUDGMENT ENTRY
                                           :
TARA B. HASSINGER                          :
                                           :
                                           :
      Defendant-Appellee               :          CASE NO. 2011-COA-001


    For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby dismissed.  Costs to appellant.


_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER