[Cite as *Oliver v. Oliver*, 2014-Ohio-5230.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| MISTY L. OLIVER | : | Hon. W,. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2014-AP-04-0014 |
| JOSEPH D. OLIVER | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Tuscarawas County Court of Common Pleas, Case No. 2009 TM 03 0151

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     November 21, 2014

APPEARANCES:

For Plaintiff-Appellant

SHARON BUCKLEY-MIRHAIDARI
152 North Broadway Ave., Ste. 200
New Philadelphia, OH 44663

For Defendant-Appellee

BRADLEY HILLYER
201 N. Main Street, P.O. Box 272
Uhrichsville, OH 44683

*Gwin, P.J.*

{¶1} Appellant appeals the March 11, 2014 judgment entry of the Tuscarawas Court of Common Pleas denying appellant's motion for extension of time to file transcript, overruling appellant's objections to the magistrate's decision, and adopting the findings of fact, conclusions of law, and recommendations of the magistrate as orders of the court.

*Facts & Procedural History*

{¶2} Appellee Joseph Oliver and appellant Misty Oliver were married in 1999. Appellant filed a complaint for divorce on March 31, 2009. The case proceeded to trial before a magistrate in June of 2010 and the magistrate issued her decision on January 14, 2011. Objections were filed to the magistrate's decision. The trial court held a hearing on the objections and adopted the magistrate's decision in part and modified the magistrate's decision in part. As part of the trial court's decision, a property in Mineral City was ordered sold at arm's length with any amount over and above a $40,000 debt owed to appellee's mother to be split equally between the parties. Further, appellee would be responsible for the debt in full if the sale price did not cover the amount owed to appellee's mother. Appellant appealed the trial court's decision, assigning thirteen assignments of error. Appellee also appealed the trial court's entry and assigned four assignments of error. In *Oliver v. Oliver*, 5th Dist. Tuscarawas No. 2012 AP 11 0067, 2013-Ohio-4389, this Court overruled all of appellant's and appellee's assignments of error and affirmed the trial court's decision.

{¶3} As part of the first appeal, appellant argued that the trial court failed to assign a value to a property in Mineral City and argued the trial court erred in awarding

the property to appellee. However, this Court overruled her arguments, finding that the trial court specifically found the Mineral City property had "no value over and above what is owed to Norma Oliver and is a liability" and that both parties agreed the amount owed to Norma Oliver was $40,000. This Court determined the valuation for the property was supported by competent and credible evidence. Neither appellant nor appellee appealed our decision in *Oliver v. Oliver*, 5th Dist. Tuscarawas No. 2012 AP 11 0067, 2013-Ohio-4389.

{¶4} On November 28, 2012, appellant filed a motion for contempt against appellee for failing to sell the Mineral City property at arm's length and a motion for accounting seeking legal documentation of the sale of the Mineral City property. Appellee filed an affidavit on December 11, 2012 stating that he sold the Mineral City property at an arm's length. Appellee also provided the settlement statement prepared by the title company for the sale of the Mineral City property. On December 20, 2012, appellee filed additional supplemental documents, including a signed real estate purchase agreement and release of mortgage, indicating the purchase price of the property was $40,000 with a $20,000 down payment and monthly payments of $400 per month to appellee's mother until the debt is paid in full. On January 16, 2013, the trial court held these motions in abeyance pending a ruling by this Court in *Oliver v. Oliver*, 5th Dist. Tuscarawas No. 2012 AP 11 0067, 2013-Ohio-4389.

{¶5} On December 11, 2013, the magistrate held a hearing on appellant's motions and issued a decision on January 2, 2014. The magistrate found that, since the purpose of an arm's length transaction is to obtain fair market value for the property and the property was sold for fair market value, the necessity of an arm's length

transaction was superfluous. However, even if it were not superfluous, the sale was an arm's length transaction because there was no evidence there was not equal bargaining power between the parties and there was not a forced sale. The magistrate further found that the judgment entry of divorce does not require appellee to provide an accounting of the sale. Further, that appellee provided to appellant the agreement to sell real estate, closing statement, and release of mortgage and thus no further accounting of the Mineral City property was required.

{¶6} On January 16, 2014, appellant filed objections to the magistrate's decision, including objections to the magistrate's findings of fact and conclusions of law. In a January 24, 2014 letter to appellant's attorney, the court reporter indicated that the estimated cost of the transcript for the December 2013 hearing was $280.00 and stated a deposit was required within ten (10) days. On February 24, 2014, a notice was provided to the trial court that no deposit was paid for the transcript.

{¶7} The trial court set the matter for an objection hearing on March 10, 2014. On March 7, 2014, appellant filed a memorandum in support of objections and motion for extension of time to file the transcript. Appellant indicated that she needed additional time to pay the deposit for the transcript. In a March 11, 2014 judgment entry, the trial court denied appellant's motion for extension of time to file transcript, overruled appellant's objections with regards to the Mineral City property, and adopted the findings of fact, conclusions of law, and recommendations of the magistrate.

{¶8} Appellant appeals the March 11, 2014 judgment entry of the Tuscarawas County Court of Common Pleas and assigns the following as error:

{¶9} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THE TRANSFER OF THE MINERAL CITY PROPERY WAS AN ARM'S LENGTH TRANSACTION. THE TRIAL COURT'S DECISION DENIED APPELLANT/MISTY OLIVER HER RIGHT TO DUE PROCESS IN ORDERING THE TRANSFER AN ARM'S LENGTH TRANSACTION.

{¶10} "II. THE TRIAL COURT'S DECISION THAT NO FURTHER ACCOUNTING WAS NECESSARY WAS AN ABUSE OF DISCRETION AND DENIED MISTY OLIVER HER RIGHT TO DUE PROCESS AS GUARANTEED BY THE U.S. AND OHIO CONSTITUTION.

{¶11} "III. THE TRIAL COURT ERRED IN DENYING MISTY OLIVER ADDITIONAL TIME TO FILE A TRANSCRIPT AND DENIED HER RIGHT TO DUE PROCESS."

I.

{¶12} We first must address appellant's failure to present a transcript to the trial court for its review of appellant's objections to the magistrate's decision. Appellant did not file a transcript of the proceedings with the trial court for ruling on her objections as required by Civil Rule 53(D)(3)(b)(iii). Appellant has not filed a transcript with this Court. Further, appellant could have, but did not, seek to file an affidavit of the evidence under Civil Rule 53(D)(3)(b)(iii). See, e.g., *State ex rel. Motley v. Capers*, 23 Ohio St.3d 56, 491 N.E.2d 311 (1986) (holding that a transcript is "unavailable" for purposes of App.R. 9(C) which allows the use of narrative statements when indigent appellant is unable to bear the cost of providing transcript).

{¶13} When the party objecting to a magistrate's decision fails to provide a transcript, our review of the trial court's findings is limited to whether the trial court abused its discretion in adopting the magistrate's decision. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 654 N.E.2d 1254 (1995). In order to find an abuse of discretion, we must determine whether the trial court acted unreasonably, arbitrarily, or unconscionably and there was not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). When the objecting party fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal. *Doane v. Doane*, 5th Dist. Guernsey No. 00CA21, 2001 WL 474267 (May 2, 2001). Accordingly, we review this matter only to analyze whether the trial court abused its discretion in reaching specific legal conclusions based upon the established facts. *Sochor v. Smith*, 5th Dist. Licking No. 00CA00001, 2000 WL 963110 (June 28, 2000).

{¶14} Appellant argues the trial court erred in not finding appellant in contempt for the failure to sell the Mineral City property in an arm's length transaction because the property was sold to appellee's cousin for $40,000 with a $20,000 down payment and $400 no-interest, monthly payments to appellee's mother to pay off the liability. An arm's length transaction possesses three primary characteristics: it is "voluntary, i.e. without compulsion or duress; it generally takes place in an open market; and the parties act in their own self-interest." *North Royalton City School District Board of Education v. Cuyahoga County Board of Revision*, 129 Ohio St.3d 172, 2011-Ohio-3092, 950 N.E.2d 955. The Supreme Court explained that while an arm's length

transaction generally occurs on the open market, "the case law does not condition character of a sale as an arm's length transaction on whether the property was advertised for sale or was exposed to a broad range of potential buyers" and thus the absence of open-market elements does not necessarily negate the arm's length nature of a transaction. *Id.* An arm's length transaction is also defined as: "1. a transaction between two unrelated and unaffiliated parties. 2. A transaction between two parties, however closely related they may be, conducted as if the parties were strangers, so that no conflict of interest arises." *Black's Law Dictionary* (9th ed. 2009).

{¶15} The findings of fact by the magistrate establish that: the fair market value of the Mineral City property is $40,000 and the property sold for $40,000; as long as the property sold for fair market value, the necessity of an arm's length transaction is superfluous; the sale of the Mineral City property is an arm's length sale because there is no evidence that either the buyer or seller had more or less bargaining power; there is no evidence it was a forced sale; an arm's length transaction can occur between relatives as long as it is conducted as if they were strangers; and there is no evidence that any stranger offered more than $40,000 for the property or that such an offer was pending.

{¶16} Based upon these established facts, we find the trial court did not abuse its discretion in reaching the legal conclusion that appellee was not in contempt for failing to sell the Mineral City property at an arm's length sale. There is no evidence that either the buyer or seller had more or less bargaining power, that the sale was forced, or that the parties did not act in their own self-interest. The absence of an open-market element does not negate the arm's length nature of the transaction in this case

because the established facts are that: the transaction was conducted as if the parties were strangers; there is no evidence that any stranger offered more than $40,000 for the property or that such an offer was pending; and that the property sold for the fair market value of $40,000 established in the divorce decree and affirmed by this Court on appeal.   Accordingly, appellant's first assignment of error is overruled.

II.

{¶17} Appellant next argues the trial court erred in not finding appellee in contempt for the failure to provide appellant with an accounting of the sale of the Mineral City property.  We disagree.  In her findings of fact, the magistrate found that, pursuant to the terms of the decree, appellee was not required to provide appellant an accounting.  Further, that appellee provided appellant a copy of the agreement to sell real estate, the closing statement and the release of mortgage, stating that the property sold for $40,000.  Thus, appellee was not found to be in contempt regarding the failure to provide an accounting.

{¶18} We find no abuse of discretion in the trial court's decision in reaching the conclusion that appellee was not in contempt for failure to provide an accounting based upon the established facts as listed above.  Appellant's second assignment of error is overruled.

III.

{¶19} Appellant finally argues the trial court erred in denying her motion for additional time to file a transcript as she was unable to secure the funds for the transcript. We disagree.

{¶20} Civil Rule 53 provides that an objection to a magistrate's factual finding, "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or affidavit of that evidence if a transcript is not available." Civil Rule 6(B) allows a trial court to extend the period for filing a transcript of proceedings. *Vance v. Ruso*, 9th Dist. Summit No. 20442, 2001 WL 866277 (Aug. 1 2001). A court may grant or deny an extension of time under Civil Rule 6(B) in its sound discretion. *Lamp v. Linton*, 5th Dist. Guernsey No. 2011-CA-06, 2011-Ohio-6111.

{¶21} In this case, appellant filed her objections, without a transcript, within fourteen days of the magistrate's decision as required by Civil Rule 53. Approximately fifty days later and over sixty days after the magistrate issued her decision, appellant filed a motion for extension of time to file transcript indicating she did not have the funds to pay for the transcript deposit. The trial court did not rule on appellant's objections until over fifty days had elapsed from the date appellant filed her objections to the decision of the magistrate. During this time, appellant had time to file the transcript or request leave of court to file the transcript. To date, no transcript of the December 13, 2011 hearing was ever filed, or requested to be filed, with the trial court. Given the foregoing facts, we find the trial court did not abuse its discretion in overruling appellant's motion for extension to file transcript. Appellant had ample time to file the transcript before the trial court ruled on her objections to the magistrate's decision. See *Lamp v. Linton*, 5th Dist. Guernsey No. 2011-CA-06, 2011-Ohio-6111; *Cunnane-Gygli v. MacDougal*, 11th Dist. Geauga No. 2004-G-2597, 2005-Ohio-3258.

{¶22} Further, appellant could have, but did not, seek to file an affidavit of the evidence under Civil Rule 53(D)(3)(b)(iii). See, e.g., *State ex rel. Motley v. Capers*, 23

Ohio ST.3d 56, 491 N.E.2d 311 (1986) (holding that a transcript is "unavailable" for purposes of App.R. 9(C) which allows the use of narrative statements when indigent appellant is unable to bear the cost of providing transcript).

{¶23} Accordingly, appellant's third assignment of error is overruled.

{¶24} Based on the foregoing, appellant's assignments of error are overruled and the March 11, 2014 judgment entry of the Tuscarawas County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur