[Cite as *Abdelaziz v. Lugo*, 2025-Ohio-5703.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RANA ABDELAZIZ, | Case No. 2025 CAF 02 0016 |
| Plaintiff - Appellant | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Domestic Relations Division, Case No. 22 DR A 10 0640 |
| CALVIN LUGO, | |
| Defendant – Appellee | Judgment: Affirmed |
| | Date of Judgment Entry: December 22, 2025 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; David M. Gormley, Judges

**APPEARANCES:** CHRISTOPHER L. TROLINGER, for Plaintiff-Appellant; No Appearance for Defendant-Appellee.

*Baldwin, P.J.*

{¶1} The appellant, Rana Abdelaziz, appeals the trial court's decision overruling her objections to the November 22, 2024, Parenting Coordinator Decision. Appellee is Calvin Lugo. For the reasons set forth below, we affirm the decision of the trial court.

**STATEMENT OF FACTS AND THE CASE**

{¶2} The appellant and appellee were married on or about March 13, 2015, and are the parents of three minor children. On October 17, 2022, the appellant filed a Complaint for Divorce With Minor Children. The parties' divorce proceedings were contentious, but the matter was ultimately resolved by agreement on October 18, 2023. The parties' agreement designated the appellant as the sole residential parent and legal

custodian of the minor children pursuant to a "Parenting Plan" which was adopted by the Court in its Decree of Divorce. The Agreed Parenting Plan limited the appellee's parenting time to supervised visitation four hours every Sunday, and provided for a holiday schedule, telephone contact, and transportation. The Agreed Parenting Plan also provided that the parties agreed to revisit the Holiday Parenting Schedule and the appellee's parenting time schedule after the conclusion of the school year in 2024. The Parenting Plan also provided, in relation to the Holiday Parenting Schedule, that "[i]n revisiting Father's parenting time schedule, the parties agree to engage with a parent coordinator and to include the children's counselor(s) in the decision-making process. This is pursuant to the attached Parent Coordinator Addendum and Parent Coordinator Order."

{¶3} On October 19, 2023, the trial court issued an Order Appointing Parenting Coordinator with Attached Addendum which stated that the appointment of the Parenting Coordinator was at the request of both parties to assist them "in the implementation of their parental rights and responsibilities order." Attorney Mary Beth Fisher was appointed Parenting Coordinator for a term of 24 months, ending on November 1, 2025. The Order Appointing Parenting Coordinator authorized Attorney Fisher to issue written decisions on any of the following:

1. Occasional schedule adjustments which do not substantially alter the basic time share agreement;

2. Participation in parenting time or companionship time by significant others, relatives, etc.;

3. School placement;

4. Dates, time and method of pick-up and delivery;

5. Minor or occasional adjustment in vacations or holiday schedules;

6. Transportation to and from parenting time;

7. Participation in childcare/daycare and babysitting;

8. School attendance and homework;

9. Bedtime schedule;

10. Diet;

11. Purchase and sharing of child(ren)'s clothing, equipment and personal possessions, including possession and transporting of the same between households;

12. Child(ren)'s appearance and/or alteration of appearance, including haircuts, tattoos, ear, face or body piercing;

13. Sports, lessons and recreation;

14. Enrichment activities and summer camp;

15. Discipline;

16. Participation in routine at-home health care and hygiene;

17. Communication between the parties and between the parties and the child(ren);

18. Health care management issues, including choice of medical providers;

19. Child(ren)'s travel and passport issues;

20. Signing of appropriate releases from each party to provide access to

confidential and privileged records, including medical, psychological or psychiatric records of a party or the child(ren);

21. Child(ren)'s participation in religious observances and religious education; and,

22. Any other parenting issues that were not previously addressed by the parties.

In addition, the Order Appointing Parenting Coordinator had an Attached Addendum which conferred upon the Parenting Coordinator the following additional authority:

1. Monitor the parties' compliance with all Orders of the Court, including but not limited to compliance with the terms of the Agreed Parenting Plan, and the parties' and children's attendance and participation in individual counseling at their respective mental health professionals' recommendation(s);

2. Issue Decisions implementing Father's parenting time incrementally and/or over time (to include periods of supervised visitation, if the Parenting Coordinator deems necessary appropriate). Implementation of Father's parenting time shall be determined in the Parenting Coordinator's discretion so long as Father is compliant with applicable Court Orders (e.g., Agreed Parenting Plan).

3. Issue Decisions regarding either's [sic] party vacation parenting time, including implementing Father's vacation parenting time incrementally and/or over time (to include periods of supervised visitation, if the Parenting Coordinator deems

necessary/appropriate). Implementation of Father's vacation parenting time shall be determined in the Parenting Coordinator's discretion so long as Father is compliant with applicable Court Orders (e.g., Agreed Parenting Plan).

4. The Parenting Coordinator, each parent's respective counselor(s), the children's counselor(s), and any family relationship counselor may discuss any/all aspects of their individual work with the parties and/or children in order to ascertain whether implementation/modification of parenting time is in the best interests of the children, and they shall promptly execute any necessary releases requested by the Parenting Coordinator or the counseling professionals.

5. The Parenting Coordinator and the Guardian *ad Litem* may discuss any/all aspects of their individual work with the parties and/or the children without having to obtain separate releases or waivers from the parties, including prior to meeting with the parties; the GAL is permitted to give the PC a copy of the Pre-trial Report & Recommendation.

Finally, the Order Appointing Parenting Coordinator addressed decisions of the Coordinator, stating:

D. PARENTING COORDINATOR DECISIONS

1. If the parties are unable to reach an agreement regarding a dispute, the parenting coordinator shall prepare a written Decision

which shall be effective immediately and be followed by the parties until otherwise ordered by the Court.

2. Said Decision shall set forth the reasons for the parenting coordinator's decision. Should either party object to the written Decision, that party shall follow the procedures for filing objections set forth in Local Domestic Rule 42 or Local Juvenile Rule 39.

The Order Appointing Parenting Coordinator, as well as the Attached Addendum, were signed by the parties and their respective attorneys.

{¶4} On November 21, 2024, the Parenting Coordinator issued a Decision in which she (1) eliminated the requirement of supervision for the appellee's parenting time; (2) addressed the appellee's telephone/electronic contact with the children, stating that the appellee shall buy the children a device to be used for said communication, that the parties shall help facilitate contact between the children and the non-possessory parent, and set forth a schedule for the appellee to have said contact with the children; (3) provided that the appellee shall be permitted to have lunch with the children at school with 24 hours' notice to the appellant; (4) stated that all appointments, events, and child related activities shall be listed on the Our Family Wizard calendar within 24 hours of receipt of the information; (5) that appellee shall be permitted to engage in counseling with the children; (6) that the parties shall equally divide the transportation for appellee's parenting time, and set forth additional transportation/exchange parameters; (7) that the appellee shall be provided make-up time in the event his parenting time is cancelled or shortened; and, (8) established Thanksgiving and Christmas 2024, and New Year's Day 2025 visitation for the appellee, and provided that effective 2025 the parties shall follow

the holiday/Spring Break/special day/vacation provisions of the Delaware County Local Rule Parenting Schedule.

{¶5} The Parenting Coordinator set forth the facts upon which she based her Decision, including the following: (1) that various supervisors of the appellee's visits with the children consistently reported that the appellee engaged in age appropriate activities with the children, took care of their needs, set appropriate boundaries with them, and provided healthy food for them; (2) that the visitation supervisors reported that the love and affection between the children and the appellee was obvious, and that his parenting style and skills were appropriate; (3) that on 18 different occasions the appellant had been 5-30 minutes late for the appellee's visits with the children; (4) that the supervisors reported that on occasion the children were dropped off for visits with the appellee hungry and/or tired; and, (5) that problems with visitation seemed to primarily exist between the appellant and appellee, or between the appellant and the visitation supervisors, and not between the appellee and his children.

{¶6} The trial court issued a Judgment Entry on November 26, 2024, adopting the Parenting Coordinator's Decision. The Entry specifically set forth the procedure for either party to object to the Decision, stating:

> Either party may file written objections to the Parenting Coordinator Decision within fourteen (14) days of the filing date of this Entry. The opposing party may file a response within ten (10) days of the filing date of the objections. Both the objection and the response shall include the case caption on the first page, followed by an affidavit limited to five pages, and a certificate of service on the last page (total of 7 pages). Each party may

request leave of Court to file an affidavit in excess of five pages. The party filing the objection or the response shall serve their filing upon the opposing party, any attorneys, and the parenting coordinator pursuant to Civ.R. 5(B).

**{¶7}** On December 6, 2024, the appellant filed Plaintiff's Objection to Parenting Coordinator Decision and Request for Oral Argument, arguing that the Decision exceeded the scope of the Parenting Coordinator's appointed duties. The appellant attached unauthenticated copies of emails to her Objections. However, she failed to attach an affidavit in support of her objections as ordered by the trial court's November 26, 2024, Judgment Entry.

**{¶8}** On January 17, 2025, the trial court issued a Judgment Entry in which it found that the appellant failed to attach an affidavit to her objections in contravention of the court's November 26, 2024, Judgment Entry, and had failed to establish that the Parenting Coordinator had exceeded her authority. The trial court denied the appellant's objections.

**{¶9}** The appellant filed a timely appeal in which she sets forth the following four assignments of error:

**{¶10}** "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY OVERRULING PLAINTIFF'S OBJECTIONS TO THE PARENTING COORDINATOR'S DECISION, AFTER ADOPTING THE PARENTING COORDINATOR'S DECISION, AS THE PARENTING COORDINATOR EXCEEDED THEIR LEGAL AUTHORITY AND SCOPE."

**{¶11}** "II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT ALLOWING AN ORAL HEARING ON PLAINTIFF'S OBJECTIONS TO THE PARENTING COORDINATOR'S DECISION AND SUCH WAS A DENIAL OF DUE PROCESS."

**{¶12}** "III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO ESTABLISH AN OBJECTION PROCESS IN ITS LOCAL RULES OR ORDER APPOINTING THE PARENTING COORDINATOR AS IS STATED IN THE RULES OF SUPERINTENDENCE SUCH IS A DENIAL OF DUE PROCESS."

**{¶13}** "IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO ALLOW FOR LEGAL OBJECTIONS BY ESSENTIALLY LIMITING THE OBJECTION TO A FACTUAL AFFIDAVIT SUCH IS A VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS."

## STANDARD OF REVIEW

**{¶14}** The appropriate standard of review in cases involving parental visitation issues is whether the trial court abused its discretion in establishing the appellee's visitation rights. In order to rise to the level of an abuse of discretion, the trial court's decision must be unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

### *Assignment Of Error No. I*

**{¶15}** The appellant argues in her first assignment of error that the parenting coordinator exceeded her authority, and the trial court's decision overruling her objections violated her due process rights and was an abuse of discretion. We disagree.

*Analysis*

**{¶16}** The trial court's use of a parenting coordinator is a relatively new development in domestic relations law. The Rules of Superintendence for the Courts of Ohio initially provided for parenting coordinators in Sup.R. 90. However, the Rules were amended, and parenting coordination is now governed by Sup.R. 16. et seq. Sup.R. 16.60 through 16.66 applies "to a court of common pleas or division of the court that elects to use parenting coordination and to a parenting coordinator conducting parenting coordination. See, Sup.R. 16.60. Sup.R. 16.61 provides that courts establish local rules regarding parenting coordinators:

A court or division of a court shall adopt a local rule governing parenting coordination. The local rule shall do all of the following:

(A)     Identify the case types eligible for parenting coordination and those that are precluded from parenting coordination, if any;

(B)     Specify that, except as provided by law, communications made as part of parenting coordination shall not be confidential or privileged;

(C)     Include procedures for the selection and referral of a case to parenting coordination at any point after an interim or final parental rights and responsibilities or companionship time order is filed;

(D)     Prohibit the use of parenting coordination in domestic violence cases under R.C. 2919.25, 2919.26, 2919.27, and 3113.31. Nothing in this division shall prohibit the use of parenting coordination in either of the following cases:

(1)     A subsequent divorce or custody case, even though the case may result in the termination of the provisions of a protection order under R.C. 3113.31;

(2)     A juvenile delinquency case.

(E)     Establish procedures for and encourage appropriate referrals to legal counsel, counseling, parenting courses, and other support services for all parties, including victims and suspected victims of domestic abuse and domestic violence;

(F)     Address other issues as the court or division considers necessary and appropriate.

The Delaware County Court of Common Pleas, Domestic Relations Division, has adopted Local Rule 33 – Parenting Coordination, which establishes the foundation and parameters of parenting coordination.

{¶17}  The role of a parenting coordinator was discussed by the court in *Dewter v. Fairfield,* 2024-Ohio-6080 (1st Dist.) as follows:

Before we address the merits of mother's assignments of error, we explain the purpose of using a PC and the procedure used when a PC is appointed. The use of a PC is a relatively new concept in Ohio and Hamilton County. *Gregory v. Gregory*, 2019-Ohio-5210, ¶ 1 (1st Dist.). It is a "novel and innovative way to manage high-conflict divorce cases by promoting communication between the parties and resolving ancillary parenting issues outside the courtroom." *Id.*

When parties are at odds over details in a court-issued shared-parenting plan, Loc.R. 2.11 of the Court of Common Pleas of Hamilton County, Domestic Relations Division ("Loc.R. 2.11") permits the trial court to appoint a PC to monitor the court's order, assist the parties in resolving disputes, and issue decisions when the parties are unable to agree. *Id.* at ¶ 9. A PC's authority is limited to ancillary parenting issues. *Id.* at ¶ 18. PCs are not permitted to issue decisions on any substantive portions of a shared-parenting plan, such as changes to custody or primary placement of a child. *Id.* at ¶ 9.

A PC's decision goes into effect immediately when it is issued and remains in effect until ordered otherwise. *Id.* at ¶ 10. The parties may file written objections to the PC's decision and request a hearing before the trial court. *Id.*

*Id.* at ¶23-25. The trial court herein began utilizing parenting coordinators prior to the parties' case.

**{¶18}** In this case, the parties actually agreed to the appointment of the Parenting Coordinator, and to the parameters of her authority. The Parenting Coordinator worked with the parties from October 19, 2023, until November 1, 2025. She issued the Decision at issue on November 21, 2024, after working with the parties for a little over one year. The trial court's November 26, 2024, Judgment Entry adopted the Parenting Coordinator's Decision, and specifically set forth the process by which the parties could object: either party could file an objection within fourteen days from the date of the November 26, 2024, Entry, and any objections filed with the court must include an affidavit

in support. The appellant filed her objections, but failed to support it with an affidavit, instead attaching unauthenticated copies of emails. Thus, the appellant failed to comply with the process set forth by the trial court in its Judgment Entry regarding how to properly file an objection to the Parenting Coordinator's Decision.

{¶19} Furthermore, the Order Appointing Parenting Coordinator with Attached Addendum - to which the appellant and her counsel agreed, as demonstrated by their signatures on both the Order and the Addendum - clearly contemplated the potential review of the appellee's visitation, as evidenced by the language providing that the Parenting Coordinator may "Issue Decisions implementing Father's parenting time incrementally and/or over time" and "Issue Decisions regarding either's [sic] party vacation parenting time, including implementing Father's vacation parenting time incrementally and/or over time." Thus, the potential expansion of the appellee's visitation and vacation parenting time was within the parameters of the Parenting Coordinator's authority, and was acknowledged by the appellant's signature on the Order and Addendum.

{¶20} The trial court did not act arbitrarily, unconscionably or unreasonably in denying the appellant's objections. We therefore find the appellant's assignment of error number one to be without merit.

### *Assignment Of Error No. II*

{¶21} The appellant argues in her second assignment of error that the trial court erred as a matter of law by not allowing an oral hearing on her objections to the Parenting Coordinator's Decision, and as such violated her due process rights. We disagree.

*Analysis*

**{¶22}** The trial court provided the appellant with notice regarding when and how she could object to the Parenting Coordinator's Decision in its November 26, 2024, Judgment Entry. The fact that she failed to comply with that process when she failed to attach an affidavit to her Objections does not rise to a denial of her due process rights. The trial court did not act arbitrarily, unconscionably, or unreasonably when it denied her Objections without conducting a hearing, as it was the appellant who failed to comply with the trial court's order regarding the procedure for submitting objections and the requirement that an affidavit be included with her objections.

**{¶23}** We reach the same conclusion under a due process analysis. As set forth by the court in *Gregory v. Gregory*, 2019-Ohio-5210 (1st Dist.):

> Under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution, parties are entitled to reasonable notice of judicial proceedings and a reasonable opportunity to be heard. *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 125, 502 N.E.2d 599 (1986). The fundamental requirement of due process in any proceeding is notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).

*Id.* at ¶ 12. While the trial court in *Gregory* did not provide a process for the filing of objections to the Parenting Coordinator's Decision, the trial court in this case did. Thus,

even if a due process analysis is warranted herein, the trial court's November 26, 2024, Judgment Entry specifically outlined for the parties precisely how to file an objection to the Parenting Coordinator's Decision. The appellant simply failed to comply with the trial court's instructions.

**{¶24}** Furthermore, Local Rule 33.08(D) provides that objections and responses to a Parenting Coordinator's Decision shall include an affidavit, and states further that "[e]xcept when the Court orders otherwise, objections to the Parenting Coordinator Decision may be determined on the parties' filed objection and response without oral hearing." Thus, the trial court did not err as a matter of law, and did not deny the appellant's due process rights, when it denied her objections to the Parenting Coordinator's Decision.

**{¶25}** We find the appellant's assignment of error number two to be without merit.

### *Assignment Of Error No. III*

**{¶26}** The appellant argues in her third assignment of error that the trial court erred as a matter of law in failing to establish an objection process in its Local Rules or Order appointing the Parenting Coordinator, and as such violated her due process rights. We disagree.

### *Analysis*

**{¶27}** Delaware County Court of Common Pleas Domestic Relations Division Rules of Practice and Procedure provide for Parenting Coordinators at Local Rule 33. Specifically, Local Rule 33.02 establishes the qualifications to serve as a parenting coordinator, Local Rule 33.03 establishes the parameters for cases eligible for parenting coordination, Local Rule 33.05 sets forth what should be included in an Order appointing

a parenting coordinator, and Local Rule 33.08(D) sets forth the process for objections to parenting coordinator decisions.

{¶28} More significantly, the trial court put the appellant on notice regarding the procedure for filing objections in its November 26, 2024, Judgment Entry: file objections within fourteen days of the court's judgment entry adopting the parenting coordinator's decision, and include an affidavit in support of her objections. She failed to comply with the instructions set forth in the trial court's Entry.

{¶29} Accordingly, we find the appellant's third assignment of error to be without merit.

### Assignment Of Error No. IV

{¶30} The appellant argues in her fourth assignment of error that the trial court erred as a matter of law and abused its discretion in failing to allow for legal objections by limiting the objections to a factual affidavit and as a result violated her constitutional rights. We disagree.

### Analysis

{¶31} The trial court set forth the process by which a party could file objections to the decision of a Parenting Coordinator in its November 26, 2024, Judgment Entry.[1] The appellant complains that her ability to object was limited by the court's requirement that she file an affidavit with her objections. We do not find this argument persuasive.

{¶32} The filing of objections to a Parenting Coordinator's Decision is analogous to the filing of objections to a Magistrate's Decision. When a party objects to a Magistrate's

---

[1] The process by which a part can file objections to a Parenting Coordinator's Decision is also set forth in Local Rule 33.

Decision, the party is required to file a transcript of the hearing upon which the Magistrate based his or her decision; the trial court then has the benefit of a transcript of said hearing in order to properly conduct its de novo review of the Magistrate's Decision. When a party fails to provide a transcript of the proceedings in support of its objections to a Magistrate's Decision, the trial court presumes all factual findings made by the Magistrate as true. As set forth by this Court in *Oliver v. Oliver*, 2014-Ohio-5230 (5th Dist.):

> When the party objecting to a magistrate's decision fails to provide a transcript, our review of the trial court's findings is limited to whether the trial court abused its discretion in adopting the magistrate's decision. *State ex rel. Duncan v. Chippewa Twp. Trustees,* 73 Ohio St.3d 728, 654 N.E.2d 1254 (1995). In order to find an abuse of discretion, we must determine whether the trial court acted unreasonably, arbitrarily, or unconscionably and there was not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). When the objecting party fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal. *Doane v. Doane,* 5th Dist. Guernsey No. 00CA21, 2001 WL 474267 (May 2, 2001). Accordingly, we review this matter only to analyze whether the trial court abused its discretion in reaching specific legal conclusions based upon the established facts. *Sochor v. Smith,* 5th Dist. Licking No. 00CA00001, 2000 WL 963110 (June 28, 2000).

*Id.* at ¶ 13.

**{¶33}** No such hearing occurs with the utilization of a parenting coordinator. Instead, the parenting coordinator prepares a decision based upon his or her work with, and observations of, the parties and their children. As a result, rather than a transcript, courts require that an affidavit be filed together with the objections. The filing of an affidavit does not preclude the scheduling of an oral hearing; rather, it provides the trial court with enough information to make a determination regarding whether a hearing is necessary, or whether the objections can be ruled upon without a hearing. In this case, the appellant failed to include an affidavit with her objections, thus providing the trial court with no sworn testimony or statements regarding the facts found by the parenting coordinator and/or the decision reached. This does not rise to a violation of due process. Nor does the trial court's denial of the appellant's objections rise to the level an abuse of discretion. Consequently, we find the appellant's fourth assignment of error to be without merit.

## CONCLUSION

**{¶34}** Based upon the foregoing, we find the appellant's assignments of error numbers one, two, three, and four to be without merit, and the decision of the Delaware County Court of Common Pleas, Domestic Relations Division is hereby affirmed.

**{¶35}** Costs to appellant.

By: Baldwin, P.J.

King, J. and

Gormley, J. concur.